UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS BATIANIS and
TOM'S BODY SHOP,                           Case No. 2:20-cv-11045

           Plaintiffs,               HONORABLE STEPHEN J. MURPHY, III

v.

VILLAGE OF DUNDEE, et al.,

           Defendants.
_____/

**OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT [17]
IN PART AND REQUIRING SUPPLEMENTAL BRIEFING**

Plaintiff Chris Batianis[1] owns Tom's Body Shop; he sued the Village of Dundee and two of its employees under 42 U.S.C. § 1983 for inverse condemnation in violation of the Fifth Amendment's Takings Clause and for infringing on his protected speech under the First Amendment. ECF 1. Plaintiff also sued Defendants for violating various Michigan statutes that bore on the taking of private property for public use. *Id.* at 9–10. The Court has reviewed the briefing, and a hearing is unneeded at this time. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will grant in part the motion for summary judgment and order supplemental briefing.

---

[1] The docket incorrectly displays Plaintiff's last name as "Batiania." The Court will order the Clerk of the Court to amend the case caption to reflect the correct spelling.

1

## BACKGROUND

Plaintiff's business, Tom Body's Shop, is situated in the Village of Dundee, Michigan at the corner of Ypsilanti Street and Main Street. ECF 17-5, PgID 193. In 2016, the Village closed part of Ypsilanti Street to convert the area into a park-like "green space." ECF 17-2, PgID 118. The closed area abutted Plaintiff's Shop. ECF 17-3, PgID 150; ECF 17-8, PgID 208. Plaintiff opposed the closure and placed a sign on a berm near his shop that stated: "Road closure, send all complaints to: DundeeVillage.com[,] support local business." ECF 17-3, PgID 153. The sign remained in place for three years, but in 2019, an officer—not named as a defendant—removed it at the behest of the Village's Police Chief. ECF 17-11, PgID 216.

In 2018, the Village Council "voted to permanently close Ypsilanti Street at Main Street" because "[t]he closure improved traffic and pedestrian safety." ECF 17-4, PgID 185. The parties agreed that the Village had an unrecorded permanent easement on Plaintiff's property given by the prior owners. ECF 17-2, PgID 117; 17-3, PgID 156; ECF 18, PgID 242–43; ECF 19, PgID 416 (The easement "was not immediately recorded."). The easement allowed the Village to construct[], replac[e], repair[,] and maintain . . . pedestrian walkways." ECF 17-5, PgID 189–90. The Village could also "remove any obstructions located in the easement." *Id.* at 190. But Plaintiff believed that the easement was not valid against him because it "was unrecorded at the time [he] became owner of the property." ECF 18, PgID 242; *see* ECF 17-3, PgID 156. And even if the easement were valid, Plaintiff believed that it did "not give the Village any permission to impact the use and enjoyment of" his

2

property. ECF 18, PgID 243, *see* ECF 17-5, PgID 189–93. The easement was first recorded in October 2019. ECF 17-2, PgID 117.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When resolving a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

3

**DISCUSSION**

To start, Plaintiff sued the Village of Dundee along with two Village employees in their official capacities. ECF 1. Defendants argued that the claims against the employees should be dismissed as duplicative of those against the Village. ECF 17, PgID 96–97 (citing *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)). Plaintiff conceded that the employees "should be dismissed as they are duplicative to the actions of the Village." ECF 18, PgID 242. The Court agrees, and given the concession, the Court will dismiss Defendants David Uhl and Timothy Garbo.

The Court will next discuss Plaintiff's remaining claims against the Village. First, the Court will address the § 1983 claims. After, the Court will address the state law claims.

I.    Section 1983 Claims

Plaintiff sued the Village under 42 U.S.C. § 1983 for (1) inverse condemnation in violation of the Fifth Amendment's Takings Clause, ECF 1, PgID 7–9, and for (2) First Amendment free speech infringement, *id.* at 10–12. At bottom, the Village argued that both claims must fail because the property at issue was not Plaintiff's private property. *See* ECF 17, PgID 97 ("[T]he Village utilized an existing, permanent easement to simply improve the *existing sidewalk* and landscape area—Plaintiff's private property was not 'taken' for public use.") (emphasis in original); *id.* at 104 ("In this instance, had Plaintiff placed his sign on his own private property, and not a dedicated easement/public right of way, there would have been no issue regardless of content.").

But the parties did not discuss whether Plaintiff may recover against the Village under § 1983 based on *Monell* liability. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978). To prevail on a § 1983 municipal liability theory, Plaintiff must "show[] that the municipality had a 'policy or custom' that caused the violation of [the plaintiff's] rights." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 581 (6th Cir. 2020) (quoting *Monell*, 436 U.S. at 694). And Plaintiff can prove that a violative policy or custom existed by showing: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

That said, the Court will presume that the takings claim arises under *Monell*'s legislative enactment theory because the Village's Council voted to close the street. ECF 17-4, PgID 185. And as for the First Amendment claim, given that the police chief is a final decision maker who told a subordinate officer to remove the sign, the claim must arise under that *Monell* theory. ECF 17-11, PgID 216. Plaintiff simply never argued that the City sign ordinance on public property was unconstitutional. *See* ECF 18, PgID 247–49.

Summary judgment for the § 1983 claims hinge on whether the Village owned a right to the property at issue. *See* ECF 17, PgID 97, 104. The first issue is whether the permanent easement was valid against a current bona fide purchaser (Plaintiff)

5

because it was not recorded until 2019. If it was invalid, then the next issue is whether the Village established a prescriptive easement over the property. Then, if the Village had a valid express or prescriptive easement, the Court must assess whether the easement allowed the Village to replace the sidewalk and remove signs. The Court cannot, however, resolve any of those issues given the dearth of facts offered by the parties on the issues.

The record evidence does not at all clarify whether Plaintiff was a bona fide purchaser of the parcel on which the Shop sits. To be sure, Plaintiff's response brief notes that when he "purchased the property from his father, th[e] easement was not recorded." ECF 18, PgID 242–43. But the evidence never explained when Plaintiff bought the property or if he had notice of the easement. *See generally id.* at 242–49; ECF 17-3, PgID 136–58; *Penrose v. McCullough*, 308 Mich. App. 145, 152–53 (2014) (explaining Michigan notice rules).

Thus, even if the easement were unrecorded when Plaintiff bought the property, the parties did not discuss or provide evidence of whether he was a bona fide purchaser. If he were, that fact would render the easement invalid. Without more, the Court cannot determine whether the express easement granted by the prior owners was valid.

Second, if Plaintiff were a bona fide purchaser, the Village still could have obtained an easement by prescription on the parcel. And the Village briefly raised that issue in its Reply. *See* ECF 19, PgID 416. But parties may not raise arguments for the first time in a reply brief. *In re FirstEngergy Corp. Sec. Litig.*, 316 F. Supp. 2d

6

581, 599 (N.D. Ohio 2004) (citing *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir. 2002)). Here again, the Court can only guess whether the Village obtained a prescriptive easement. Aside from no briefing on the issue, the evidence itself did not clear up whether the Village satisfied any of the prescriptive easement elements. *See generally Plymouth Canton Comm. Crier, Inc. v. Prose*, 242 Mich. App. 676, 679 (2000) ("An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years") (citations omitted). In all, the Court cannot determine whether the Village obtained an easement by prescription without the parties identifying relevant facts on the matter.

Third, although both parties cited the terms of the permanent easement as evidence, ECF 17-5, PgID 189–93; ECF 18-4, PgID 259–63, neither party briefed whether the easement, under its terms, would have allowed the Village to replace the sidewalk or remove signs. And the contract terms bear on Plaintiff's first amendment claim. After all, even though the easement conveyed certain rights, it did not transfer ownership of the land to the Village. *See Schadewald v. Brule*, 225 Mich. App. 26, 35 (1997) ("An easement does not displace the general possession of the land by its owner, but merely grants the holder of the easement qualified possession only to the extent necessary for enjoyment of the rights conferred by the easement.") (citation omitted). As a result, the area on which Plaintiff placed the sign, while within the easement, would have certainly been his own property.

All told, the motion and the offered evidence are incomplete and need further briefing as to multiple issues. The Court will therefore request additional briefing to

advance the litigation and to help the Court resolve the motion. To repeat, the parties should discuss the following issues:

- Whether Plaintiff was a bona fide purchaser, thus invalidating the permanent easement.
- Assuming Plaintiff was a bona fide purchaser, whether the Village obtained an easement by prescription prior to the alleged taking.
- If an easement existed, whether the easement (express or by prescription) allowed the Village to replace the sidewalk and remove signs.

II. <u>State Claims</u>

Next, Plaintiff alleged that the Village violated two Michigan Public Acts, Mich. Comp. Laws §§ 73.1–73.5 and Mich. Comp. Laws §§ 213.21–213.25. ECF 1, PgID 9–10. Chapter 73 governs appropriation of private property, and Chapter 213 governs condemnation by state acquisition of private property for public use.

Plaintiff specifically alleged that the Village "failed [to] adopt a resolution; failed to declare that the acquisition of the property is necessary[;] . . . [and] failed to record any of the proceedings." *Id.* at 9. The Village argued that the state claims should be dismissed because the claims are barred by the Governmental Tort Litigation Act ("GTLA"). ECF 17, PgID 106–07.

The GTLA, which applies to both the state and its municipalities, provides that "a governmental agency is immune from tort liability if the governmental agency is

engaged in the exercise or discharge of a governmental function." Mich. Comp. Laws § 691.1407; *see Pohutski v. City of Allen Park*, 465 Mich. 675, 684, 689 (2002). The Court will not dismiss the claims based on governmental immunity because the GTLA does not apply here. Plaintiff alleged that the Village violated *state statutes*—not that the Village committed a *tort* against Plaintiff. Had Plaintiff alleged a trespass, for instance, then the GTLA may have applied. *See generally Pohutski*, 465 Mich. at 689–90. All told, the Village's immunity argument does not resolve the state claims.

The Court will require the parties to submit supplemental briefing as to the state claims as well. *See* Fed. R. Civ. P. 56(f). The parties did not brief whether the state statutes establish a private right of action for Plaintiff to sue the Village. It is unclear, then, whether Plaintiff may even recover under the statutes. *See generally Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 823–24 (E.D. Mich. 2020) (Murphy, J.). The parties must submit supplemental briefing as to whether Mich. Comp. Laws §§ 73.1–73.5 and §§ 213.21–213.25 establish a private right to sue.

Last, the parties argued over whether Plaintiff may recover, even if a taking occurred, since the evidence does not show any monetary loss to his business. But regardless of the compensatory damages question, a plaintiff alleging an unconstitutional taking may recover nominal damages. *See United States ex. rel. T.V.A. v. Temporary Right to Enter upon Land in Monroe Cnty.*, No. 3:21-cv-228, 2021 WL 5853595, at *2 (E.D. Tenn. Dec. 9, 2021); *see also Pagan v. Vill. of Glendale*,

9

559 F.3d 477, 478 n.1 (6th Cir. 2009). Thus, if the Village has argued that Plaintiff cannot prevail because he cannot show loss to business revenue, the argument is unavailing in light of the potential for nominal damages.

## CONCLUSION

Before the Court resolves the Village's summary judgment motion for the § 1983 claims and the state law claims, the Court will request supplemental briefing from the parties. *See* Fed. R. Civ. P. 56(f). The briefing may not exceed twelve pages each and should address the following:

- Whether Plaintiff was a bona fide purchaser, thus invalidating the permanent easement.

- Assuming Plaintiff was a bona fide purchaser, whether the Village obtained an easement by prescription prior to the alleged taking.

- If an easement existed, whether the easement (express or by prescription) allowed the Village to replace the sidewalk and remove signs.

- Whether Mich. Comp. Laws §§ 73.1–73.5 and §§ 213.21–213.25 establish a private right of action for Plaintiff to sue the Village and recover for monetary damages. *See Emergency Dep't Physicians P.C.*, 507 F. Supp. 3d at 823–24.

The Village's supplemental brief is due no later than March 31, 2022. Plaintiff's response brief is due no later than three weeks after the Village files its brief. A reply brief is unneeded.

Finally, in the parties' most recent stipulation for an extension of time to file dispositive motions, they pointed out that they "are actively involved in good faith settlement negotiations and are optimistic that the matter may resolve." ECF 16, PgID 80. Because of the representation, and because the Court has partially granted the summary judgment motion and ordered supplemental briefing, the Court believes that the remaining parties would benefit from a court-facilitated mediation. The Court will therefore refer the parties to mediate with Magistrate Judge David R. Grand. The parties must coordinate with Judge Grand's chambers to schedule the mediation date for no later than June 1, 2022. Until then, the Court will hold the remaining summary judgment motion in abeyance and resolve it after the parties' mediation.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for summary judgment [17] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants David Uhl and Timothy Garbo are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the above-described supplemental briefing is **SCHEDULED** as follows: Defendant Village of Dundee must **FILE** a supplemental brief **no later than March 31, 2022**. Plaintiff must **RESPOND no later than**

11

**three weeks after the Village files its brief**. Defendant Village of Dundee may not file a reply brief. The briefs may **NOT EXCEED TWELVE PAGES** each. The dates will not be extended for any reason, including mediation.

**IT IS FURTHER ORDERED** that the case is **REFERRED** to Magistrate Judge Grand for mediation. The parties must **PROCEED** in compliance with Local Rule 16.4. The mediation and settlement discussions must occur **no later than June 1, 2022**.

**IT IS FURTHER ORDERED** that Judge Grand must **NOTIFY** the Court within seven days of completion of the mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties must **NOTIFY** the Court immediately upon completion of the mediation and must **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties must **NOTIFY** the Court within five days of the completion of the mediation.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption so that Plaintiff Chris Batiania's name is "Chris Batianis."

    **SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: March 10, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2022, by electronic and/or ordinary mail.

                                                    s/ David P. Parker
                                                    Case Manager